IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)

CIV-GRAHAM

## 97- 6249

MINDY GOTTLIEB,

Plaintiff,

vs.

Case No:

MAGISTRATE JUDGE
GARBER

NATIONAL BUREAU COLLECTION
CORP., f/k/a Intercontinental
Collection Corp., JONATHAN
BLOOM, NEL R. BLOOM, and
JON COHEN,

Defendants.

PLAINTIFF'S  COMPLAINT  AND  DEMAND
FOR JURY TRIAL

_____/

### I.   INTRODUCTION

1.   This is an action for damages brought by an individual consumer for DEFENDANTS' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Florida Consumer Collections Practices Act, § 559.55, et seq. (hereinafter, "FCCPA"), which laws prohibit debt collectors from engaging in abusive, deceptive, unfair, and fraudulent practices.

### II. JURISDICTION

2.   This  action  arises  under  the  Fair  Debt  Collections Practices Act, 15 U.S.C. § 1692k(d), as hereinafter more fully

1



appears, and under the doctrine of supplemental jurisdiction. Venue is this Division is proper because the pertinent events took place here. Declaratory relief is requested pursuant to 28 U.S.C. §§ 2201 and 2202.

### III. PARTIES

3. PLAINTIFF, MINDY GOTTLIEB, is individual who has resided at all material times in Broward County, Florida.

4. DEFENDANT NATIONAL BUREAU COLLECTION CORP. ("NATIONAL BUREAU"), f/k/a Intercontinental Collection Corp., is a Florida corporation with its principal place of business in Palm Beach County, Florida. A principal business purpose of NATIONAL BUREAU is the collection of debts using the mails and telephone, and NATIONAL BUREAU regularly attempts to collect debts alleged to be due another. At all material times, NATIONAL BUREAU has been registered as a consumer collection agency with the Florida Division of Finance.

5. DEFENDANT JONATHAN BLOOM ("J. BLOOM") is an individual who serves as President of NATIONAL BUREAU.

6. DEFENDANT NEL. R. BLOOM ("N. BLOOM") is an individual who serves as Vice President, Secretary, and Treasurer of NATIONAL BUREAU.

7. J. BLOOM and N. BLOOM, the sole officers of NATIONAL BUREAU, were, at material times, aware of, and/or had ultimate responsibility for, and/or created or approved the various letters, or the basic forms used for the various letters, sent by NATIONAL BUREAU to PLAINTIFF.

8.   J. BLOOM and N. BLOOM were, at material times, aware of, and/or had ultimate responsibility for, and/or created or approved or devised various of policies of NATIONAL BUREAU which violate the FDCPA and FCCPA.

9.   DEFENDANT JON COHEN ("COHEN") is, according to the representations of NATIONAL BUREAU, a natural person, who has been employed by NATIONAL BUREAU and in the collection of debts. The name "Jon Cohen" may be an alias and may not correspond to a particular individual.

## IV.   FACTUAL ALLEGATIONS

10.   On or about April 12, 1996, NATIONAL BUREAU sent PLAINTIFF a letter in an attempt to collect an alleged debt of PLAINTIFF's to "Bourque & Dawsey M.D.. See Exhibit "A". The alleged debt, in the amount of $6.70, related to PLAINTIFF's visit to a doctor for personal health care.

11.   In its April letter, its initial letter to PLAINTIFF, NATIONAL BUREAU stated,

> "... we must ask that you remit the balance shown above in full ... within five (5) days. The amount will be assumed to be correct unless you inform us otherwise within thirty (30) days. If you dispute this debt in writing, we will send you verification of this obligation.
>
> "...
>
> "... to withhold further action to collect this unpaid balance, return this letter with payment in full ...."

12.   On or about April 21, 1996, just nine days after the NATIONAL BUREAU's initial letter,   NATIONAL BUREAU sent

3

PLAINTIFF another letter in an attempt to collect the above-referenced alleged debt. <u>See</u> Exhibit "B". In its April 21 letter, NATIONAL BUREAU stated,

> "You have ignored our first request for payment of the above balance ...
>
> "Let's face facts, good credit is important to you. Stores, banks and credit card companies usually draw credit reports when authorizing credit. Unless this bill is cleared within five (5) days we will be obligated to recommend to our client that it report this debt to the various credit bureaus for general distribution availability. **This can hurt your ability to obtain credit for many years.** Do not let this happen"(emphasis original).

13. On or about May 1, 1996, just 19 days after NATIONAL BUREAU's initial letter to PLAINTIFF, NATIONAL BUREAU sent PLAINTIFF a third letter in an attempt to collect the above-referenced alleged debt. <u>See</u> Exhibit "C". The May 1 letter was titled, in giant bold capital lettering, **"WARNING: LEGAL ACTION POSSIBLE"**.

14. In its May 1 letter, NATIONAL BUREAU stated,

> "[y]our debt is being evaluated for possible legal action. This is your last chance to clear this debt while it is still with our agency. This debt may now be placed with one of our associated law firms for legal action. If this debt alone or in combination with other debts handled by us meets the appropriate criteria, suit may be commenced without further notice.
>
> "Failure to pay the outstanding balance now may cost you significant additional expense. Please do not make us take this unpleasant route. Pay this debt today."

15. On or about May 10, 1996, still less than 30 days after NATIONAL BUREAU's initial letter to PLAINTIFF, NATIONAL BUREAU, by and through COHEN, sent PLAINTIFF a fourth letter in an attempt to collect the above-referenced alleged debt. <u>See</u>

4

Exhibit "D".  The May 10 letter stated,

> "[i]t is difficult for us to understand why you have chosen to ingnore (sic) our previous letters.  It is clear that your lack of payment is making a bad situation worse....

> "... [p]ayment now will avoid further efforts to collect and the additional costs ... that may arise as a result.

> "[t]his may be your last chance to pay this bill before we recommend suit to our client. ...  [e]ven a small judgment can make obtaining a credit card, car loan or other credit unlikely for up to ten years.  Avoid all of these problems and further costs by making payment immediately."

16.  Since NATIONAL BUREAU began contacting PLAINTIFF, PLAINTIFF has paid no part of the alleged debt.

17.  No suit has been filed against PLAINTIFF concerning the subject alleged debt.

18.  The alleged creditor has never authorized suit against PLAINTIFF concerning the subject alleged debt.

19.  As a matter of policy, NATIONAL BUREAU does not recommend suit for debts as small as the subject alleged debt.

20.  In the letterhead of all of its letters to PLAINTIFF, NATIONAL BUREAU included the trademark ("TM") symbol next to its name.  However, NATIONAL BUREAU does not have a trademark of any type, nor had NATIONAL BUREAU, at any material time, applied for a trademark.

21.  In its letterhead, NATIONAL BUREAU utilizes the symbol of an eagle in two different places.

22.  NATIONAL BUREAU is not affiliated with the United States government.

5

23. The subject communications were not authorized or approved by an agency of the United States.

## V.   FIRST CLAIM FOR RELIEF

24. PLAINTIFF repeats, realleges, and incorporates by reference paragraphs 1 through 23, above.

25. NATIONAL BUREAU, J. BLOOM, N. BLOOM, and COHEN violated the FDCPA. Their violations include, but are not limited to, the following:

(a) 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10), due to implications that the alleged creditor might sue and that NATIONAL BUREAU might recommend suit, when in fact neither was true, possible, authorized, or intended due to the small size of the alleged debt;

(b) 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), due to the failure to properly provide the notices required in those subsections;

(c) 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), 1692e, 1692e(5), and 1692e(10), due to the statements in the letters which contradict and overshadow the notices required by 15 U.S.C. §§ 1692g(a)(3)-(5). In this regard, the statements concerning further collection action is a threat to violate 15 U.S.C. § 1692g(b);

(d) 15 U.S.C. §§ 1692e, 1692e(1), 1692e(9), and 1692e(10), due to the false representation, by its name, use of the eagle symbol, and false claim to have a trademark,

6

that NATIONAL BUREAU is affiliated with the United States government, that the subject communications and trademark, were authorized or approved by an agency of the United States, and that the use of the trademark symbol has been authorized or approved by the United States;

(e) 15 U.S.C. §§ 1692e and 1692e(10), due to the false representation in the May 1 letter that it would be the last letter from NATIONAL BUREAU ("[t]his is your last chance to clear this debt while it is still with our agency");

(f) 15 U.S.C. §§ 1692e, 1692e(8), and 1692e(10), due to communicating credit information which all DEFENDANTS knew or should have known to be false ("[e]ven a small judgment can make obtaining a ... car loan ... unlikely for up to ten years");

(g) 15 U.S.C. §§ 1692(d) and 1692(f), by sending PLAINTIFF three letters within the 30-day validation period provided by 15 U.S.C. §§ 1692g(a)(3)-(5) which blatantly contradicted the notices required by 15 U.S.C. §§ 1692g(a)(3)-(5);

(h) 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10), due to the threats that failure to pay NATIONAL BUREAU "may cost you significant additional expense" and that payment now would "avoid ... additional costs" since there was no legal manner to add such costs that NATIONAL BUREAU intended or was authorized to follow.

(i) 15 U.S.C. § 1692j, since DEFENDANTS knew the

7

subject communications would be used to create the false belief in a consumer that the United States government was participating in an attempt to collect the subject alleged debt.

26. As a result of the above violations of the FDCPA, DEFENDANTS are liable to PLAINTIFF for actual damages, statutory damages of $1,000.00, costs, interest, and attorney's fees.

## VI.   SECOND CLAIM FOR RELIEF

27. PLAINTIFF repeats, realleges, and incorporates by reference paragraphs 1 through 23, above.

28. NATIONAL BUREAU, J. BLOOM, N. BLOOM, and COHEN violated the FCCPA.   Their violations include, but are not limited to, the following:

(a) Section 559.72(1), Fla. Stat., for simulating a representative of a government agency;

(b) Section 559.72(7), Fla. Stat., for willfully communicating with PLAINTIFF with such frequency as can reasonably be expected to harass PLAINTIFF, and willfully engaging in conduct which can reasonably be expected to harass or abuse PLAINTIFF, because NATIONAL BUREAU sent three letters within the FDCPA's 30-day validation period, all of which contradicted and overshadowed required notices;

(c) Section 559.72(8), Fla. Stat., for using willfully abusive language in communicating with PLAINTIFF, because

the three letters sent by NATIONAL BUREAU within the FDCPA's 30-day validation period all contradicted and overshadowed the required notices;

(d)   Section 559.72(9), Fla. Stat., for asserting the existence of a right to charge PLAINTIFF "expense" and/or "additional costs" when knowing that NATIONAL BUREAU had no such right;

(e)   Section 559.72(10), Fla. Stat., for using communications which give the appearance of being authorized or approved by a the United States government or an agency of the United States government when they were not.

29.   As a result of the above violations of the FDCPA, DEFENDANTS are liable to PLAINTIFF for actual damages, statutory damages of $500.00, costs, interest, and attorney's fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANTS as follows:

(a)   declaratory judgment that DEFENDANTS' practices violate the FDCPA and FCCPA;

(b)   $1,000.00 statutory damages, pursuant to 15 U.S.C. § 1692k and § 559.77, Fla. Stat.;

(c)   $10,000.00 actual damages, pursuant to 15 U.S.C. § 1692k and § 559.77, Fla. Stat.;

(d)   Costs and reasonable attorney's fees, pursuant to

9

15 U.S.C. § 1692k and § 559.77, Fla. Stat.;

(e)   punitive damages pursuant to § 559.77, Fla. Stat.;

(f)   injunctive relief;

(g)   For such other and further relief as may be just and proper, including pre-judgment interest.


Respectfully submitted,

Andrew B. Spark
FL Bar No: 0899811
LawServ
Attorney for PLAINTIFF
1800 Second St., Ste. 808
Sarasota, FL   34236
(941) 954-0744
FAX: (941) 365-7713


## DEMAND FOR JURY TRIAL


Please take notice that PLAINTIFF demands trial by jury in this action.

Andrew B. Spark
FL Bar No: 0899811
LawServ
Attorney for PLAINTIFF
1800 Second St., Ste. 808
Sarasota, FL   34236
(941) 954-0744
FAX: (941) 365-7713


10

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

## PLEASE REFER TO COURT FILE

# CIVIL COVER SHEET

CIV-GRAHAM

97- 6249

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Mindy Gottlieb

**DEFENDANTS**

National Bureau Collection Corp., Jonathan Bloom, Nel R. Bloom, Jon Cohen

MAGISTRATE JUDGE GARBER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

A-NORTH 6249 DLG/GARBER

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

LawServ
1800 Second St., Suite 808
Sarasota, FL 34236

(941) 954-0744

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION**
(PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 USC §1692, collection abuse

**IVa.** 3 **days estimated (for both sides) to try entire case**

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | | ☐ 430 Banks and Banking |
| | | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | |

Other status column additional entries:
☐ 450 Commerce/ICC Rates/etc. B
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12USC3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions * * A or B

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $ 11,000
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 3/7/97

SIGNATURE OF ATTORNEY OF RECORD

FBN 0849811

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 511108
Date Paid 03-12-97

Amount: $160.00
M/ifp: _____